UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

JEFFREY JEFFERS,                                            Civil Action No.:

                                    Plaintiff,              COMPLAINT
                                                            JURY TRIAL DEMANDED

                -against-

THE CITY OF NEW YORK; THE NEW YORK
CITY POLICE DEPARTMENT; THE NEW
YORK CITY DEPARTMENT OF CORRECTION;
WENDELL J. GARCIA; "JOHN DOE(s), 1-10"
and "JANE DOE(s), 1-10", unidentified police
officers employed by the New York City Police
Department, in their official capacity as police
officers, and in their individual capacity,

                                    Defendant(s).

----------------------------------------------------------------X

        Jeffrey Jeffers, by his attorney, David M. Harrison, Esq., alleges the following,

upon information and belief, as to his Complaint:


                            NATURE OF THE ACTION


        1.   This civil rights action arises from the unlawful, wrongful and false arrest of

the plaintiff, Jeffrey Jeffers occurring on or about January 23, 2021, executed by police

officers and/or detectives operating under the employ, direction, supervision and control

of the defendants, The City of New York and The New York City Police Department,

including the defendant, Wendell J. Garcia, and defendants "John Doe(s), 1-10" and

"Jane Doe(s), (1-10)," unidentified police officers employed by the New York City

Police Department, in their official capacity as police officers, and in their individual

capacity, with the criminal charges upon which said unlawful, wrongful and false arrest

was based, resulting in a wrongful determination by the defendants, The City of New

York and The New York City Police Department, their agents, servants, employees and

representatives, including said individual defendants herein named, as to plaintiff

having violated his then existing parole status, thereby resulting in the subsequent

unlawful, wrongful and false jailing, imprisonment, confinement and detainment of the

plaintiff, Jeffrey Jeffers, and the subsequent wrongful, unjust and malicious prosecution

of the plaintiff by the defendants, The City of New York and The New York City

York City Police Department, their agents, employees, servants, representatives and/or

others on behalf of defendants, including said individual defendants herein named,

all of which resulted in the plaintiff, Jeffrey Jeffers, being wrongfully and improperly

jailed, imprisoned, confined, detained and/or prosecuted from January 23, 2021, to

November 9, 2021.  Furthermore, the defendants, The City of New York and The New

York City Department of Correction, willfully refused to provide the plaintiff, Jeffrey

Jeffers, with medical attention and healthcare services for injuries sustained from an

assault perpetrated upon the plaintiff, while plaintiff was wrongfully jailed, imprisoned,

confined and detained at defendants' correctional facility commonly known and

designated as Rikers Island.  The plaintiff, Jeffrey Jeffers, seeks declaratory relief,

pursuant to 28 U.S.C. §2201; compensatory and punitive damages for violation of his

civil rights, pursuant to 42 U.S.C. § 1983 and 42 U.S.C. §§§ 1981, 1985 and 1986, as

well as compensatory and punitive damages for wrongful and false arrest of the plaintiff;

compensatory and punitive damages for wrongful and false jailing, imprisonment,

confinement and detainment of the plaintiff, which resulted from defendants' wrongful

determination that plaintiff had violated his then existing parole status; compensatory and

punitive damages for unlawful, wrongful and malicious prosecution of the plaintiff; and

an award of costs, disbursements and attorney fees under 42 U.S.C. §1983, in connection

with those actions committed by the defendants, The City of New York and The New

York City Police Department, their agents, servants, representatives and employees,

including defendant Wendell Garcia, and the defendants, "John Doe(s), 1-10" and "Jane

Doe(s), 1-10," unidentified police officers employed by the New York City Police

Department, in their official capacity as police officers, and in their individual capacities.

The plaintiff, Jeffrey Jeffers, further seeks compensatory and punitive damages for

violation of his civil rights, pursuant to 42 U.SC. § 1983 and 42 U.S.C. § §§1981, 1985

and 1986, for the failure by defendants The City of New York and The New York City

Department of Correction, their agents, employees, servants, representatives and/or

others acting on behalf of said defendants, to acknowledge and heed the plaintiff's

continuous physical complaints resulting from said assault perpetrated upon the

plaintiff, in willfully refusing to provide the plaintiff with medical attention and

healthcare while the plaintiff was wrongfully jailed, imprisoned, confined and detained

at  said correctional facility owned and operated by the defendants, The City of New

York and The New York City Department of Correction.

## JURISDICTION

2.    This action arises under the Fourth and Fourteenth Amendments to the

United States Constitution and 42 U.S.C. §§§§1981, 1983, 1985 and 1986.  This Court

has subject matter jurisdiction, pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(3).

Plaintiff asserts jurisdiction over the City of New York of all claims in this Court under

28 U.S.C. §1367.

## VENUE

3.    Under 28 U.S.C. §1391 (b), venue is proper in the Eastern District of New York because Plaintiff resides in that District, and the events forming the basis of Plaintiff's Complaint occurred in that District.

## PARTIES

4.   That the plaintiff, Jeffrey Jeffers, is a resident of the United States of America, residing in the County of Queens, City and State New York.

5.   That the defendant, The City of New York, is a municipal corporation duly incorporated and existing pursuant to the laws of the State of New York.

6.   That the defendant, The New York City Police Department, was established by the defendant, The City of New York, and is maintained by that defendant as a constituent department or agency.

7.   That the defendant, The New York City Department of Correction, was established by the defendant, The City of New York, and is maintained by that defendant as a constituent department or agency.

8.   That at all times herein mentioned, the defendant, Wendell J. Garcia, was operating under the employ of the New York City Police Department; and was employed in such capacity as a police officer and/or police detective by the defendants, The City of New York and The New York City Police Department, assigned to the 84th Precinct of the New York City Police Department, and/or the 84th Detective Squad of the New York City Police Department, and/or the 301 Command of the New York City Police

Department.

9.   That at all times herein mentioned, the defendants, "John Doe(s), 1-10," and "Jane Doe(s), 1-10," unidentified police officers employed by the New York City Police Department, in their official capacity as police officers, and in their individual capacities (hereinafter referred to as "defendants John Doe(s)/Jane Doe(s)"), were employed in such capacity as police officer(s) and/or police detective(s) by the defendants, The City of New York and The New York City Police Department, having been assigned to the 84th Precinct of the New York City Police Department, and/or the 84th Detective Squad of the New York City Police Department, and/or the 301 Command of the New York City Police Department.

10.   That at all times relevant, the defendant, The City of New York, its agents, servants, employees and/or representatives hired, employed, assigned, designated, trained, supervised, monitored, placed, directed and/ otherwise controlled certain individuals employed and/or serving in the capacity as police officers and/or detectives for the defendants, The City of New York and The New York City Police Department, including the defendant, Wendell J. Garcia, and defendants John Doe(s)/Jane Doe(s).

11.   That at all times relevant, the defendant, The New York City Police Department, its agents, servants, employees and/or representatives hired, employed, assigned, designated, trained, supervised, monitored, placed, directed and/or otherwise controlled certain individuals employed and/or serving in the capacity as police officers for the defendants, The City of New York and The New York City Police Department, including the defendant, Wendell J. Garcia, and defendants John Doe(s)/Jane Doe(s).

12.   That at all times relevant, the 84th Precinct of the New York City Police

Department was a unit, division and/or precinct of the defendant, The New York City Police Department, as part of a constituent department or agency established and maintained by the defendant, The City of New York.

13.   That at all times relevant, the 84th Detective Squad of the New York City Police Department was a unit, division and/or precinct of the defendant, The New York City Police Department, as part of a constituent department or agency established and maintained by the defendant, The City of New York.

14.   That at all times relevant, the 301 Command of the New York City Police Department was a unit, division and/or precinct of the defendant, The New York City Police Department, as part of a constituent department or agency established and maintained by the defendant, The City of New York.

15.   That at all times relevant, the defendant, The City of New York, hired, employed, assigned, designated, trained, supervised, monitored, placed, directed and/or otherwise controlled certain individuals employed and/or serving in the capacity as police officers and/or detectives for the defendants, The City of New York and/or The New York City Police Department, including the defendant, Wendell J. Garcia, and defendants John Doe(s)/Jane Doe(s).

16.   That at all times relevant, the defendant, The New York City Police Department hired, employed, assigned, designated, trained, supervised, monitored, placed, directed and/or otherwise controlled certain individuals employed and/or serving in the capacity as police officers and/or detectives for the defendants, The City of New York and/or The New York City Police Department, including the defendant, Wendell J. Garcia and defendants John Doe(s)/Jane Doe(s).

17.   That at all times relevant, certain individuals under the employ, direction, supervision and control of the defendants, The City of New York and The New York City Police Department, were operating as duly and acting police officers and/or detectives, including the defendant Wendell J. Garcia, and defendants John Doe(s)/ Jane Doe(s), affiliated with and/or assigned to the 84th Precinct of the New York City Police Department, and/or the 84th Detective Squad of the New York City Police and/or Department and/or the 301 Command of the New York City Police Department, and were acting under the color of applicable law.

18.   That at all times relevant, certain individuals under the employ, direction, supervision and control of the defendants, The City of New York and The New York City Police Department, including the defendant, Wendell J. Garcia, and the defendants, John Doe(s)/Jane Doe(s), were acting pursuant to their authority as New York City police officers, detectives, agents, servants, employees and/or representatives of the defendants, The City of New York and The New York City Police Department.  Notwithstanding the unconstitutional and unlawful conduct of the defendant Wendell J. Garcia, defendants John Doe(s)/Jane Doe(s), and/or certain police officers/detectives affiliated with and/or assigned to the 84th Precinct of the New York City Police Department and/or the 84th Detective Squad of the New York City Police Department and/or the 301 Command of the New York City Police Department, who wrongfully, unlawfully, falsely and/or maliciously arrested the plaintiff, and wrongfully determined that the plaintiff had violated his then existing parole status, thereby resulting in the plaintiff being wrongfully imprisoned and maliciously prosecuted, the actions of said individuals were taken in the course of their duties as New York City/New York City Police

Department police officers, and were incidental to their otherwise lawful function as agents, servants, employees, representatives and/or others acting on behalf of the defendants, The City of New York and The New York City Police Department.

19.   That at all relevant times, certain individuals operating under the employ, direction, supervision and control of the defendants, The City of New York and The New York City Police Department, including the defendant, Wendell J. Garcia, and defendants John Doe(s)/Jane Doe(s), while acting pursuant to their authority as New York City police officers/detectives and/or agents, employees, servants, representatives and/or others on behalf of the defendants, The City of New York and The New York City Police Department, acted within the scope of their employment with said defendants.

20.   That alternatively, the individual defendants, Wendell J. Garcia, John Doe(s)/Jane Doe(s) and/or certain police officers operating under the employ, direction, supervision and control of the defendants, The City of New York and The New York City Police Department, were, at all relevant times, acting outside the scope of them employment.

21.   That at all times relevant, the defendant, The City of New York, its agents, servants, employees and/or representatives hired, employed, assigned, designated, trained, supervised, monitored, placed, directed and/ otherwise controlled certain individuals employed by and/or operating on behalf of the defendant, The New York City Department of Correction, including correctional officers and healthcare/medical personnel situated within and/or assigned to said defendants' correctional facility commonly known and designated as Rikers Island.

22.   That at all times relevant, the defendant, The City of New York, its agents,

servants, employees and/or representatives hired, employed, assigned, designated, trained, supervised, monitored, placed, directed and/or otherwise controlled certain individuals employed by and/or operating on behalf of the by the defendant, The New York City Department of Correction, including correctional officers and healthcare/ medical personnel situated within said defendants' correctional facility commonly known and designated as Rikers Island.

23.   That at all times relevant, certain individuals under the employ, direction, supervision and control of the defendants, The City of New York and The New York City Department of Correction, were acting under the color of applicable law, including correctional officers and healthcare/medical personnel situated within and/or assigned to said defendants' correctional facility commonly known and designated as Rikers Island.

24.   That at all times relevant, certain individuals under the employ, direction, supervision and control of the defendants, The City of New York and The New York City Department of Correction were acting pursuant to their authority as agents, servants, employees, representatives and/or others acting on behalf the defendants, The City of New York and The New York City Department of Correction, including correctional officers and healthcare/medical personnel situated within said defendants' correctional facility commonly known and designated as Rikers Island.  Notwithstanding the unconstitutional and unlawful conduct of such individuals who wrongfully and unlawfully refused to acknowledge and heed plaintiff's continuous physical complaints and willfully refused to provide the plaintiff with required medical attention and required healthcare services, the actions of said individuals were taken in the course of their duties as employees of and/or on behalf of the defendants, The City of New York and The

New York City Department of Correction, and were incidental to their otherwise lawful function as agents, employees, servants, representatives and/or others on behalf of the defendants, The City of New York and The New York City Department of Correction.

25.   That at all relevant times, certain individuals operating under the employ, direction, supervision and control of the defendants, The City of New York and The New York City Department of Correction, while acting pursuant to their authority as employees, agents, servants, representatives and/or others on behalf of defendants The City of New York and The New York City Department of Correction, including correctional officers and healthcare/medical personnel situated within said defendants' correctional facility commonly known and designated as Rikers Island, acted within the scope of their employment with said defendants.

## FACTS UNDERLYING PLAINTIFF'S CLAIMS FOR RELIEF

26.   That on or about January 23, 2021, an arrest warrant was issued with respect to the plaintiff, Jeffrey Jeffers, pursuant to the application and petition for such by police officers and/or detectives operating under the employ of defendants, The City of New York and/or The New York City Police Department, including defendants Wendell J. Garcia and/or John Doe(s)/Jane Doe(s).

27.   That said arrest warrant was issued in connection with an incident alleged to have occurred on December 29, 2020, wherein premises commonly known and designated as 165 Remsen Street, Brooklyn, NY 11201, were allegedly burglarized.

28.   That following the date of the alleged burglary occurring on December 29,

2020, police officers and/or detectives operating under the employ of defendants, The

City of New York and/or The New York City Police Department, including defendants

Wendell J. Garcia and/or John Doe(s)/Jane Doe(s), wrongfully identified the plaintiff,

Jeffrey Jeffers, as the "perpetrator" of said burglary crime, despite said defendants

lacking reasonable basis, substantive evidence or probable cause that plaintiff had

committed said crime.

29.   That pursuant to said arrest warrant obtained by the defendants, The City

of New York, The New York City Police Department, Wendell J. Garcia, and/or

John Doe(s)/Jane Doe(s), the plaintiff, Jeffrey Jeffers, plaintiff was subsequently

charged with the following "counts": **(i)** "Burglary in the Third Degree" (P.L. 140.20);

**(ii)** "Attempted Burglary in the Third Degree" (P.L. 110/140.20); **(iii)** "Petit Larceny"

(P.L. 155.25); **(iv)** "Criminal Possession of Stolen Property in the Fifth Degree" (P.L.

140.10(A)); **(v)** "Criminal Trespass in the Third Degree" (P.L. 140.05).

30.   That in connection with said charges, the defendants, The City of New

York and The New York City Police Department, their agents, employees, servants,

representatives and/or others on said defendants' behalf, wrongfully determined that

the plaintiff, Jeffrey Jeffers, had violated his then existing parole status.

31.   That on or about January 23, 2021, the plaintiff, Jeffrey Jeffers, was

arrested and subsequently jailed, imprisoned, confined and detained for said charges,

with said period of jailing, imprisonment and detainment extended by reason of the

defendants, The City of New York and The New York City Police Department, their

agents, employees, servants, representatives and/or others acting on said defendants'

behalf, including the defendant, Wendell J. Garcia, and defendants John Doe(s)/Jane

Doe(s), having determined that plaintiff had violated the terms of his existing parole status.

32.   That following the issuance of said arrest warrant herein referenced, the defendants, The City of New York and/or The New York City Police Department, initiated a criminal prosecution of the plaintiff, Jeffrey Jeffers.  The resultant action, venued in the Supreme Court of the State of New York, Criminal Term, County of Kings, was assigned Case Number/Docket Number: CR-002232-21KN (filed on or about January 23, 2021).

33.   That following the false and wrongful arrest of the plaintiff, Jeffrey Jeffers, the plaintiff was arraigned on January 24, 2021, in connection with said action venued in the Supreme Court of the State of New York, Criminal Term, County of Kings (Case Number/Docket Number: CR-002232-21KN).

34.   That following the issuance of said arrest warrant herein referenced, the plaintiff, Jeffrey Jeffers, remained jailed, imprisoned, confined, detained and/or prosecuted, pursuant to the mandate of the defendants, The City of New York and/or The New York City Police Department, until November 9, 2021, resulting from the wrongful actions taken by defendants' police officers and/or detectives, including defendants Wendell J. Garcia and/or John Doe(s)/Jane Doe(s).

35.   That the defendants, The City of New York and The New York City Police Department, lacked reasonable basis, substantive evidence and probable cause to initiate and/or continue with said criminal prosecution undertaken of the plaintiff. As such, defendants The City of New York and The New York City Police Department, their agents, employees, servants, representatives and/or others acting upon said

defendants' behalf, including the defendant, Wendell J. Garcia, and defendants John Doe(s)/Jane Doe(s), clearly acted with malice towards plaintiff Jeffrey Jeffers, in refusing to discontinue and/or terminate said criminal prosecution brought against the plaintiff.

36.   The defendants, The City of New York and The New York City Police Department, as well as defendants' arresting officers, including defendants Wendell J. Garcia and/or John Doe(s)/ Jane Doe(s), knew or should have known as to plaintiff's lack of involvement or participation in the subject alleged burglary, based upon a lack of reasonable basis, substantive evidence or probable cause that the plaintiff had committed said burglary offense, as the facts and circumstances known to said defendants could not lead a reasonably prudent person to believe that plaintiff was guilty of the charges committed.

37.   The defendants, The City of New York and The New York City Police Department, as well as defendants' arresting police officers/detectives, including the defendant, Wendell J. Garcia, and/or the defendants, John Doe(s)/Jane Doe(s), acted in bad faith by initiating and/or continuing with their prosecution of the plaintiff, Jeffrey Jeffers, based upon a lack of substantive evidence that the plaintiff had committed said burglary offense, as the facts and circumstances known to said defendants could not lead a reasonably prudent person to believe that the plaintiff was guilty of the charges committed.  As such, defendants' motive for initiating and/or continuing said criminal prosecution of the plaintiff was improper.

38.   That on or about November 9, 2021, all of the charges brought against the plaintiff, Jeffrey Jeffers, resulting in said criminal action aforementioned (People of the

State of New York vs. Jeffrey Jeffers, venued in the Supreme Court of the State of

New York, Criminal Term, County of Kings, and assigned Case Number/Docket

Number:  CR-002232-21KN) were dismissed.

39.   That on or about November 9, 2021, said criminal prosecution brought by

defendants against the plaintiff, Jeffrey Jeffers, was adjudicated entirely in favor of

the plaintiff.

40.   That the wrongful and malicious prosecution of the plaintiff was terminated

on November 9, 2021, upon said criminal action being "dismissed" by the Honorable

Criminal Court (Supreme Court of the State of New York, County of Kings), with the

plaintiff, Jeffrey Jeffers, having been wrongfully, falsely and maliciously charged for

a crime which plaintiff did not commit by the defendants, The City of New York, The

New York City Police Department, their agents, employees, servants, representatives

and/or others acting on said defendants' behalf, including the defendants, Wendell J.

Garcia and John Doe(s)/Jane Doe(s), resulting in plaintiff's wrongful, false and malicious

arrest; and, plaintiff's wrongful, false and malicious jailing, imprisonment, confinement,

detainment and/or prosecution for an extensive period of time (January 23, 2021, to

November 9, 2021), during which time the defendants, The City of New York and The

New York City Police Department, their agents, employees, servants, representatives

and/or others acting on said defendants' behalf, wrongly, falsely and maliciously

prosecuted the plaintiff, Jeffrey Jeffers, for said alleged burglary crime that defendants

knew plaintiff clearly did not commit, by reason of defendants lacking reasonable basis,

substantive evidence or probable cause that plaintiff had committed such crime; and by

reason of defendants being aware that the facts and circumstances known to them could

not lead a reasonably prudent person to believe that plaintiff was guilty of the charges filed.

41.   That plaintiff Jeffrey Jeffers was unlawfully, wrongfully, falsely and maliciously charged, arrested, jailed, imprisoned, confined, detained and prosecuted by defendants The City of New York and The New York City Police Department, their agents, servants, employees, representatives and/or others acting on behalf of said defendants, including the defendant, Wendell J. Garcia, and defendants John Doe(s)/Jane Doe(s), while said individual defendants were serving as police officers and detectives under the employ, direction, supervision and/or control of the defendants, The City of New York and The New York City Police Department; and with defendants Wendell J. Garcia and John Doe(s)/Jane Doe(s) having been affiliated with and/or assigned to the 84th Precinct, New York City Police Department, and/or the 84th Detective Squad, New York City Police Department, and/or the 301 Command, New York City Police Department.

42.   That the plaintiff, Jeffrey Jeffers, was unlawfully, wrongfully, falsely and maliciously jailed, imprisoned, confined, detained and held within the custody of the defendants, The City of New York, The New York City Police Department and The New York City Department of Correction, for an extended period of time due to the wrongful determination that plaintiff had violated his then existing parole status, made by the defendants, The City of New York and The New York City Police Department, their agents, employees, servants, representatives and/or other acting on said defendants' behalf, including the individual defendants, Wendell J. Garcia and John Doe(s)/Jane Doe(s), and thereafter maliciously prosecuted, even though plaintiff had committed no

crime, and despite defendants' arresting police officers/detectives, defendants, Wendell J. Garcia and John Doe(s)/Jane Doe(s), while being affiliated with and/or assigned to the 84th Precinct, New York City Police Department, and/or the 84th Detective Squad, New York City Police Department, and/or the 301 Command, New York City Police Police Department, having possessed no reasonable basis, substantive evidence or probable cause, warrant or exigency, to believe that plaintiff had been involved with, participated in and/or committed any crime or wrongdoing concerning the alleged burglary incident.

43.   That the plaintiff, Jeffrey Jeffers, was unlawfully, wrongfully, falsely and maliciously prosecuted by defendants, The City of New York and The New York City Police Department, their agents, employees, servants, representatives and/or others acting on said defendants' behalf, even though plaintiff had committed no crime, and despite said defendants possessing no reasonable basis, substantive evidence or probable cause, warrant or exigency, to believe that plaintiff had committed such burglary crime herein referenced.

44.   That the plaintiff, Jeffrey Jeffers, was unlawfully, wrongfully, falsely and maliciously charged, arrested, jailed, imprisoned, confined and detained within police custody, and thereafter within the Rikers Island correction facility, operated and owned by the defendants, The City of New York and The New York City Department of Correction; and was unlawfully, wrongfully, falsely, improperly and/or maliciously prosecuted in connection with the alleged burglary crime, resulting in the plaintiff having suffered deprivation of constitutional rights, as well as loss of freedom, in addition to other damages.  Plaintiff also suffered the physical and psychological trauma,

shock, debasement, fright, great disgrace, embarrassment, loss of self-esteem, emotional

harm and humiliation of being publicly detained and placed in custody, without any just

or probable cause.

45.   That upon information and belief, and at all times pertinent hereto, the

defendants, The City of New York and The New York City Police Department, their

agents, servants, employees, representatives and/or others acting on said defendants'

behalf, permitted and tolerated a pattern and practice of wrongful and unreasonable

conduct perpetrated by defendants and defendants' police officers/detectives, including

the defendants, Wendell J. Garcia, and John Doe(s)/Jane Doe(s), while said individual

defendants were affiliated with and/or assigned to the 84th Precinct, New York City

Police Department, and/or the 84th Detective Squad, New York City Police Department,

and/or the 301 Command, New York City Police Department, operating under the

employ, direction, supervision and control of the defendants, The City of New York

and The New York City Police Department.

46.   That upon information and belief, the defendants, The City of New York

and The New York City Police Department, their agents, servants, employees and/or

representatives, maintained a system of review of police conduct which is so untimely

and cursory as to be ineffective; and permitted and tolerated the wrongful and

unreasonable conduct of force by police officers/detectives, including the defendant,

Wendell J. Garcia, and defendants John Doe(s)/Jane Doe(s) while said individual

defendants were police officers/detectives affiliated with and/or assigned to the 84th

Precinct, New York City Police Department, and/or the 84th Detective Squad, New

York City Police Department, and/or the 301 Command of the New York City Police

Department, operating under the employ, direction, supervision and control of the defendants, The City of New York and The New York City Police Department.

47.   That the acts, omissions, systematic flaws, policies, and customs of the defendants, The City of New York and The New York City Police Department, their agents, servants, employees, representatives and/or others acting on their behalf, including the defendant, Wendell J. Garcia, and defendants John Doe(s)/Jane Doe(s), were caused, in whole or in part by the unlawful, wrongful, false and malicious conduct of said individual defendants, while affiliated with and/or assigned as police officers/detectives with the 84th Precinct, New York City Police Department, and/or the 84th Detective Squad, New York City Police Department, and/or the 301 Command, New York City Police Department, and while operating under the employ, direction, supervision and control of the defendants, The City of New York and The New York City Police Department, in wrongfully, unlawfully, falsely and maliciously charging and arresting plaintiff for committing a crime which plaintiff did not commit; and thereafter wrongfully, wrongfully, unlawfully, falsely and maliciously jailing, imprisoning, confining and detaining the plaintiff, with said jailing, imprisonment, confinement and detainment of the plaintiff continuing for an extensive period of time, while also wrongfully, unlawfully and maliciously criminally prosecuting the plaintiff, despite defendants The City of New York, The New York City Police Department, Wendell J. Garcia and John Doe(s)/Jane Doe(s) possessing no reasonable basis, substantive evidence or probable cause reflecting that plaintiff had committed such burglary crime herein referenced, well before all of said charges brought against the plaintiff were dismissed.

48.   That as a result of the wrongful actions taken by defendants herein, the plaintiff, Jeffrey Jeffers, sustained damages, including deprivation of his constitutional rights afforded him under the Fourth and Fourteenth Amendment to the United States Constitution, as well as violation of his civil rights, pursuant to the dictates imposed by 42 U.S.C. §1983; and 42 U.S.C. §§ § 1981, 1985 and 1986.

49.   That during the course of said unlawful, false, wrongful and malicious jailing, imprisonment, confinement and detainment of the plaintiff, Jeffrey Jeffers, the plaintiff was caused to sustain serious personal injuries as a result of an incident occurring on January 30, 2021, wherein the plaintiff was physically assaulted by a fellow incarcerated person at said correction facility commonly known and designated as Rikers Island, operated and owned by the defendants, The City of New York and The New York City Department of Correction, from which said assault incident the plaintiff sustained multiple bodily injuries including right knee, right thigh and right shin injuries.

50.   That following initial examination by medical healthcare/healthcare personnel situated within the Rikers Island correction facility, operated and owned by the defendants, The City of New York and The New York City Department of Correction, as a result of said assault of the plaintiff occurring on January 30, 2021, the plaintiff, Jeffrey Jeffers, made continuous complaints of pain and discomfort to those body parts to which he sustained personal injuries, which complaints were continually ignored by the defendants, The City of New York and The New York City Department of Correction, their agents, employees, servants, representatives and/or others acting on behalf of said defendants, including correctional officers and

medical/healthcare personnel who were employed by said defendants, and who were situated within and/or assigned to said correction facility herein referenced.

51.  That the plaintiff, Jeffrey Jeffers, as an imprisoned person at said correction facility commonly known and designated as Rikers Island, was entitled to medical and/or healthcare attention for physical injury/physical disability afflicting plaintiff during the period of said jailing, imprisonment, confinement and detainment.  The willful refusal by defendants The City of New York and The New York City Department of Correction, their agents, employees, servants, representatives and/or others acting on said defendants' behalf, including correctional officers and healthcare/medical personnel situated and/or assigned to said correction facility, constituted a deprivation of plaintiff's constitutional rights, as well as loss of freedom, in addition to other damages.

52.  That upon information and belief, and at all times pertinent hereto, the defendants, The City of New York and The New York City Department of Correction, their agents, servants, employees and/or representatives, permitted and tolerated a pattern and practice of wrongful and unreasonable conduct perpetrated by defendants' agents, employees, servants, representatives and/or others on behalf of said defendants, including defendants' correction officers and medical/healthcare personnel situated within and/or assigned to said correction facility commonly known and designated as Rikers Island, operating on behalf of said defendants, in refusing to acknowledge and heed plaintiff's physical complaints resulting from said assault of the plaintiff within said defendants' said correctional facility, and in thereafter refusing to provide the plaintiff, Jeffrey Jeffers, with necessary medical/healthcare treatment and attention.

53.     That the acts, omissions, systematic flaws, policies, and customs of the defendants, The City of New York and The New York City Department of Correction, their agents, servants, employees and/or representatives, including said defendants' correctional officers and medical/healthcare personnel situated within and/or assigned to said defendants' correction facility commonly known and designated as Rikers Island, resulted in the refusal and failure of the defendants, The City of New York and The New York City Department of Correction, to properly acknowledge and heed plaintiff's physical complaints resulting from the assault of the plaintiff occurring within defendants' said correction facility on January 30, 2021, and in thereafter refusing to provide the plaintiff with necessary medical/healthcare treatment and attention.

54.     That as a result of the wrongful and unlawful actions taken by the defendants, The City of New York and The New York City Department of Correction, their agents, employees, representatives, servants and others acting upon said defendants' behalf, including defendants' correctional officers and medical/healthcare personnel situated within and/or assigned to said defendants' correction facility commonly known and designated as Rikers Island, the plaintiff, Jeffrey Jeffers, sustained damages, including deprivation of his Constitutional rights afforded him under the Fourth and Fourteenth Amendment to the United States Constitution, as well a s violation of his civil rights, pursuant to the dictates imposed by 42 U.S.C. §1983; and 42 U.S.C. §§§ 1981, 1985 and 1986.

FIRST CAUSE OF ACTION AGAINST THE
DEFENDANTS HEREIN, FOR VIOLATION
OF PLAINTIFF'S RIGHT TO BE FREE
FROM UNREASONABLE SEARCHES
AND SEIZURES UNDER THE FOURTH
AND FOURTEENTH AMENDMENTS TO
THE UNITED STATES CONSTITUTION,
AND IN VIOLATION OF 42 U.S.C. § 1983
AND 42 U.S.C. §§ 1981, 1985 AND 1986.

55.   That plaintiff repeats, reiterates and realleges each and every allegation

contained in paragraphs "1" through "54," with the same force and effect as if set

forth more fully herein.

56.   That as a result of the aforementioned unlawful, wrongful, false and

malicious criminal charges, arrest, seizure, jailing, imprisonment, confinement and

detainment of the plaintiff, Jeffrey Jeffers, by the defendants, The City of New

York, The New York City Police Department, their agents, employees, servants,

representatives and others acting on behalf of said defendants, including the

individual defendants, Wendell J. Garcia and John Doe(s)/Jane Doe(s), said

defendants deprived the plaintiff herein of the rights, privileges and immunities

secured by the Constitution and laws of the United States; specifically, the Fourth

and Fourteenth Amendments to the United States Constitution; and in violation of

42 U.S.C. §§§§ 1981, 1983, 1985 and 1986, including, but not limited to, plaintiff's

right to be free and secure in his person, and to be free from arrest, search and seizure,

except on probable cause or pursuant to warrant.

57.   That the unlawful, wrongful, false and malicious charges filed against the

plaintiff, Jeffrey Jeffers, including the wrongful determination that plaintiff had violated

his then existing parole status, resulting in the unlawful, false, wrongful and malicious

arrest, seizure, jailing, imprisonment, confinement and detainment of the plaintiff,

Jeffrey Jeffers, by the defendants, The City of New York and The New York City

Police Department, vicariously, by and through their agents, servants, employees,

representatives and/or others acting on behalf of said defendants, including the

individual defendants, Wendell J. Garcia and John Doe(s)/Jane Doe(s), while serving

as police officers/detectives affiliated with and/or assigned to the 84th Precinct,

New York City Police Department and/or the 84th Detective Squad, New York

City Police Department and/or the 301 Command, New York City Police

Department, was unnecessary, improper, excessive and was not reasonably justified

under any circumstances.

   58. That the wrongful and false criminal charges filed against the plaintiff,

Jeffrey Jeffers, as well as the wrongful determination that plaintiff had violated his

then existing parole status, resulting in the arrest, jailing, imprisonment, confinement

and detainment of the plaintiff, Jeffrey Jeffers, by the defendants, The City of New York

and The New York City Police Department, vicariously, by and through their agents,

servants, employees, representatives and/or others acting on behalf of said defendants,

including the individual defendants, Wendell J. Garcia and John Doe(s)/Jane Doe(s),

while serving as police officers/detectives affiliated with and/or assigned to the 84th

Precinct, New York City Police Department and/or the 84th Detective Squad, New

York City Police Department and/or the 301 Command, New York City Police

Department, constituted an intentional, willful, malicious, reckless and/or grossly

negligent disregard for and/or deliberate indifference to plaintiff's rights, as well as

plaintiff's physical and emotional being.

59.   That the aforementioned misconduct perpetrated by the defendants, The City of New York and The New York City Police Department, vicariously, by and through their agents, servants, employees, representatives and/or others acting on behalf of said defendants, including the individual defendants, Wendell J. Garcia, and John Doe(s)/Jane Doe(s), while serving as police officers/detectives affiliated with and/or assigned to the 84th Precinct, New York City Police Department, and/or the 84th Detective Squad, New York City Police Department and/or the 301 Command, New York City Police Department, resulted in deprivation of plaintiff's constitutional rights, as well as immediate injury to the plaintiff in the form of humiliation, embarrassment and suffering.

60.   That as a result of the foregoing, plaintiff has been damaged and injured.

> SECOND CAUSE OF ACTION AGAINST
> THE DEFENDANTS HEREIN, FOR
> FALSE/WRONGFUL IMPRISONMENT,
> IN VIOLATION OF THE FOURTH
> AND FOURTEENTH AMENDMENTS TO
> THE UNITED STATES CONSTITUTION,
> AND IN VIOLATION OF 42 U.S.C. § 1983
> AND 42 U.S.C. §§ 1981, 1985 AND 1986.

61.   That plaintiff repeats the allegations of paragraphs "1-60," as if set forth in full herein.

62.   That by reason of the foregoing, the defendants, The City of New York and The New York City Police Department, their agents, servants, employees and/or representatives, including the individual defendants, Wendell J. Garcia, and John Doe(s)/Jane Doe(s), while serving as police officers/detectives affiliated with and/or assigned to the 84th Precinct, New York City Police Department, and/or the 84th

Detective Squad, New York City Police Department and/or the 301 Command,

New York City Police Department, while operating under the employ, supervision,

direction and control of the defendants, The City of New York and New York City Police

Department, intentionally, wrongfully, falsely, maliciously and/or improperly charged,

arrested, jailed, imprisoned, confined and detained the plaintiff, Jeffrey Jeffers, without

privilege, probable cause or reasonable basis to believe that plaintiff had committed

a crime, and in violation of 42 U.S.C. § 1983, as well as 42 U.S.C. §§§ 1981, 1985

and 1986.  The plaintiff was aware of and did not consent to the jailing, imprisonment,

confinement or detainment.

    63.   That as a result of the foregoing, plaintiff has been injured and damaged.

> THIRD CAUSE OF ACTION AGAINST THE
> DEFENDANTS HEREIN, FOR WRONGFUL,
> FALSE AND MALICIOUS PROSECUTION,
> RESULTING IN PLAINTIFF'S DEPRIVATION
> OF CONSTITUTIONAL RIGHTS, INCLUDING
> PLAINTIFF'S RIGHT TO BE FREE FROM
> UNREASONABLE SEARCHES AND
> SEIZURES, PURSUANT TO THE FOURTH
> AND FOURTEENTH AMENDMENTS TO
> THE UNITED STATES CONSITITUTION,
> AND IN VIOLATION OF 42 U.S.C. § 1983,
> AND 42 U.S.C. §§ 1981, 1985 AND 1986.

    64.   That plaintiff repeats the allegations of paragraphs "1-63," as if set forth

in full herein.

    65.   That by reason of the foregoing, the defendants, The City of New York

and The New York City Police Department, their agents, servants, employees,

representatives and/or others acting on behalf of said defendants, including the

individual defendants, Wendell J. Garcia, and John Doe(s)/Jane Doe(s), while serving

as police officers/detectives affiliated with and/or assigned to the 84th Precinct, New York City Police Department, and/or the 84th Detective Squad, New York City Police Department and/or the 301 Command, New York City Police Department, and while operating under the employ, supervision, direction and control of the defendants, The City of New York and New York City Police Department, intentionally, wrongfully, falsely, improperly and/or maliciously prosecuted the plaintiff, Jeffrey Jeffers, without privilege, probable cause or reasonable basis to believe that the plaintiff had committed the subject burglary crime, in the absence of reasonable basis, substantive evidence or probable cause, all of which was in violation of 42 U.S.C. § 1983, as well as 42 U.S.C. §§ § 1981, 1985 and 1986.  The plaintiff was aware of and did not consent to the resultant jailing, imprisonment, confinement or detainment, or being subject to said criminal prosecution initiated and/or continued by defendants.

66.   That as a result of the unlawful, wrongful, false and malicious prosecution by the defendants, The City of New York, The New York City Police Department, their agents, employees, servants, representatives and/or others acting on behalf of said defendants, including the individual defendants, Wendell J. Garcia, and John Doe(s)/Jane Doe(s), the plaintiff, Jeffrey Jeffers, was deprived of the rights, privileges and immunities secured by the Constitution and laws of the United States; specifically the right to be free of unreasonable searches and seizures, as set forth by the Fourth Amendment and the Fourteenth Amendment of the United States Constitution; and in violation of 42 U.S.C. §§§§ 1981, 1983, 1985 and 1986, including, but not limited to, plaintiff's right to be free and secure in his person, and to be free from criminal prosecution, except on the basis of reasonable or probable cause.

67.   That as a result of the foregoing, plaintiff has been injured and damaged.

> FOURTH CAUSE OF ACTION AGAINST
> THE DEFENDANTS HEREIN, FOR
> WILFULL REFUSAL TO PROVIDE
> REQUIRED MEDICAL/HEALTHCARE
> SERVICES TO THE PLAINTIFF, IN
> VIOLATION OF 42 U.S.C. § 1983 AND
> 42 U.S.C. §§§ 1981, 1985 AND 1986.

68.   That plaintiff repeats the allegations of paragraphs "1-66," as if set forth in full herein.

69.   That by reason of the foregoing, the defendants, The City of New York and the New York City Department of Correction, their agents, servants, employees and/or representatives, including defendants' correctional officers and/or healthcare/ medical personnel situated within and/or assigned to said defendants' correctional facility commonly known and designated as Rikers Island, while operating under the employ, supervision, direction and control of defendants The City of New York and New York City Department of Correction, intentionally, wrongfully, and/or improperly refused to acknowledge and heed the plaintiff's continuing physical complaints, and refused to provide the plaintiff, Jeffrey Jeffers, with necessary medical/healthcare services, resulting from said assault perpetrated upon the plaintiff by a fellow incarcerated individual occurring within said correction facility on January 30, 2021, during the period of plaintiff's said wrongful jailing, imprisonment, confinement and detainment, in violation of 42 U.S.C. § 1983, as well as 42 U.S.C. §§§ 1981, 1985 and 1986.

70.   That as a result of the foregoing, plaintiff has been injured and damaged.

REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered as follows:

(A)    Declaratory relief as follows:

1.  As to the first cause of action, a declaration that Plaintiff's right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments of the United States Constitution was violated, resulting from the unlawful, wrongful false and malicious criminal charges, arrest, seizure, jailing, imprisonment, confinement and detainment of the plaintiff, thereby resulting in plaintiff sustaining deprivation of his constitutional rights, as well as violation of plaintiff's civil rights, in violation of 42 U.S.C. § 1983, as well as 42 U.S.C. §§ § 1981, 1985 and 1986.

2.  As to the second cause of action, a declaration that defendants intentionally, wrongfully and/or improperly charged, arrested, jailed, imprisoned, confined and detained the plaintiff, without privilege, probable cause or reasonable basis to believe that plaintiff had committed a crime, which actions thereby constituted an intentional, willful, malicious, reckless and/or grossly negligent disregard for and/or deliberate indifference to plaintiff's rights, as well as plaintiff's physical and emotional well-being; and in violation of 42 U.S.C. § 1983, as well as 42 U.S.C. §§ § 1981, 1985 and 1986.

3.  As to the third cause of action, a declaration that Plaintiff's right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments of the United States Constitution was violated, resulting from the unlawful, wrongful and malicious prosecution of the plaintiff, thereby resulting in plaintiff sustaining

deprivation of his constitutional rights, including violation of plaintiff's civil rights, in violation of 42 U.S.C. § 1983, as well as 42 U.S.C. §§§ 1981, 1985 and 1986.

4. As to the fourth cause of action, a declaration that defendants intentionally, wrongfully and/or improperly refused to acknowledge and heed plaintiff's continuing physical complaints, and wrongfully refused to provide the plaintiff with required and necessary medical/healthcare services, which actions thereby constituted an intentional, willful, malicious, reckless and/or grossly negligent disregard for and/or deliberate indifference to plaintiff's rights, as well as plaintiff's physical and emotional well-being; and in violation of 42 U.S.C. § 1983, as well as 42 U.S.C. §§§ 1981, 1985 and 1986.

(B)     Compensatory damages in an amount to be fixed at trial;

(C)     By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages in an amount to be fixed at trial;

(D)     An award to Plaintiff of the costs and disbursements herein;

(E)     Such other and further relief as this Court may deem just and proper.

Dated:          Brooklyn, New York
                August 29, 2022

                                        DAVID M. HARRISON, ESQ./ DH/6188
                                        Attorney for Plaintiff
                                        JEFFREY JEFFERS
                                        Office & P.O. Address
                                        48 Willoughby Street
                                        Brooklyn, New York 11201
                                        (718) 243-2109

UNITED STATES DISTRICT COURT                                    CV No.:
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------------

JEFFREY JEFFERS,

                                    Plaintiff,

          -against-

THE CITY OF NEW YORK; THE NEW YORK
CITY POLICE DEPARTMENT; THE NEW
YORK CITY DEPARTMENT OF CORRECTION;
WENDELL J. GARCIA; "JOHN DOE(s), 1-10"
and "JANE DOE(s), 1-10", unidentified police
officers employed by the New York City Police
Department, in their official capacity as police
officers, and in their individual capacity,

                                    Defendant(s).

-------------------------------------------------------------------------------------


                          **COMPLAINT**


-------------------------------------------------------------------------------------


          **DAVID M. HARRISON, ESQ.**
          Attorney for the Plaintiff
          JEFFREY JEFFERS
          Office & P.O. Address
          48 Willoughby Street
          Brooklyn, New York 11201
          (718) 243-2109

-------------------------------------------------------------------------------------